**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUKE KIRK, | No. 19-35508 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00223-HZ |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted June 3, 2020
Portland, Oregon

Before: BERZON and COLLINS, Circuit Judges, and CHOE-GROVES,[**] Judge.

Luke Kirk appeals an adverse grant of summary judgment in his claim under

the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, alleging

that a licensed social worker at the Portland Veterans Affairs Medical Center

("VAMC"), Ami Phillips, was professionally negligent. Oregon law governs this

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

FTCA action. *See id.* § 2674. We review a grant of summary judgment de novo. *Shelley v. Geren*, 666 F.3d 599, 604 (9th Cir. 2012). We affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this memorandum.

1. The district court did not err in applying the traditional *Chesterman* scope-of-employment test to Kirk's professional negligence claim. *Fearing*'s scope-of-employment test is "specifically applicable to intentional torts." *Doe v. Holy See*, 557 F.3d 1066, 1082 (9th Cir. 2009). Because Kirk alleged professional negligence, the district court concluded correctly that *Fearing* does not apply to Kirk's claim.

2. The district court erred in granting summary judgment to Defendant. The district court ruled that "[w]ithout *Fearing*, Plaintiff cannot show that the negligent acts were 'of a kind' that Phillips was hired to perform." Viewing the evidence in the light most favorable to Kirk, the record supports Kirk's allegations that Phillips negligently provided counseling.

Kirk met regularly with Phillips for counseling sessions and the record contains numerous examples of instances in which the counseling that Phillips provided fell below the applicable standard of care. For example, during counseling sessions, Kirk and Phillips discussed marriage, raising an adoptive child, and spending time together outside of sessions. Phillips directed Kirk to

2

touch various parts of her person and express how he felt as therapy to help Kirk "be closer to people." Also during sessions, Phillips sat with her legs over Kirk's lap and Kirk rested his head on Phillips' chest. Kirk and Phillips kissed and hugged during the last counseling session. In our view, a reasonable factfinder could conclude that these actions were both counseling and negligent.

A number of Phillips' actions that took place outside the counseling room could also be characterized as counseling. For example, many of Kirk and Phillips' text messages concerned the same or substantially similar subject matter as the counseling sessions, such as Kirk's therapy, his childhood and relationship with his father, and Kirk's expressed suicidal ideations. A reasonable factfinder could conclude that some of Phillips' text messages constituted negligent counseling—*i.e.*, that they were actions "of a kind" that Phillips was hired to perform and that she performed them negligently. Likewise, we conclude that core allegations relating to the events of May 20, 2016 survive summary judgment. That day, Kirk expressed suicidal ideations to Phillips. In response, Phillips arranged an overnight bed for Kirk at the VAMC so that medical professionals could take care of Kirk. Kirk rebuffed the offer and Phillips mentioned her obligation to call the police unless she could confirm his safety. However, after Kirk continued to refuse treatment, Phillips did not call the police. Instead, she promised to not call the police and she visited Kirk's apartment. A reasonable

3

factfinder could conclude that Phillips was negligent in the performance of these counseling actions, which were of a kind she was hired to perform. The fact that Phillips conducted her counseling badly does not mean that it was not counseling.

By contrast, we agree with the district court that some of the actions allegedly taken by Phillips occurred outside of any counseling session and did not in any sense constitute counseling activities. For example, we affirm the district court's grant of summary judgment with respect to the false police report, the beach trip, the alleged "edit[ing] [of] information that would damage [Kirk's] character" in order to help with a legal issue, and the various visits to Kirk's apartment during which Phillips allegedly committed acts of a sexual nature.

We thus affirm in part and reverse in part the district court's grant of summary judgment. On remand, the district court should limit Kirk's negligence claim to those specific actions that constitute the negligent performance of counseling actions.

Costs on appeal are awarded to Kirk. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED in part, REVERSED in part, and REMANDED.**